# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PATRICIA YOUNG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>700 CREDIT, LLC,<br><br>Defendant. | Case No. 2:25-cv-13747-LJM-EAS<br><br>Hon. Laurie J. Michelson<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>**\*MOTION TO CONSOLIDATE AND APPPOINT\*** |
| TENNILLE GREEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>700 CREDIT, LLC,<br><br>Defendant. | Case No. 2:25-cv-13890-JJCG-CI<br><br>Hon. Jonathan J.C. Grey<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

# JOINT MOTION OF PLAINTIFFS YOUNG
# AND GREEN TO CONSOLIDATE CASES
# AND APPOINT THE MILLER LAW FIRM, P.C.,
# MILBERG, PLLC AND KOPELOWITZ OSTROW P.A.
# <u>AS INTERIM CO-LEAD COUNSEL</u>

Plaintiffs Patricia Young and Tennille Green, individually and on behalf of all others similarly situated, respectfully jointly move under E.D. Mich. LR 42.1 and Federal Rules of Civil Procedure 42(a)(2) and 23(g)(3) for an Order consolidating the above captioned cases and appointing as Interim Co-Lead Counsel: E. Powell Miller of The Miller Law Firm, P.C., Gary Klinger of Milberg, PLLC, and Jeff Ostrow of Kopelowitz Ostrow P.A. In support of this Motion, Plaintiffs Young and Green jointly state as follows:

1.     Starting on November 24, 2025, multiple putative class actions have been filed in this District against Defendant 700 Credit, LLC ("700 Credit" or "Defendant") concerning a data security incident which took place in October 2025. The complaints in each of these Related Cases allege that 700 Credit failed to adequately safeguard the sensitive personal identifying information of the Plaintiffs and putative Class Members and assert various overlapping and similar claims. The Related Cases are set forth below:

- *Patricia Young v. 700 Credit, LLC*, No. 2:25-cv-13747-LJM-EAS, filed November 24, 2025, pending before the Hon. Laurie J. Michelson; and

- *Tennille Green v. 700 Credit, LLC*, No. 2:25-cv-13890-JJCG-CI, filed December 3, 2025, pending before the Hon. Jonathan J.C. Grey.

2.     Plaintiffs Young and Green jointly move the Court for an order consolidating the above captioned Related Cases pending in this District, pursuant to Fed. R. Civ. P. 42(a)(2) and E.D. Mich. LR 42.1.

3.     As explained in the Brief in Support, the *Young* and *Green* cases against 700 Credit satisfy the criteria enumerated in Fed. R. Civ. P. 42(a)(2) and E.D. Mich. LR 42.1. The complaints in each of the Related Cases raise common questions of law and fact, arise from the same data security incident at the same defendant, are brought on behalf of substantially identical classes, and allege that 700 Credit failed to adequately safeguard the sensitive personal identifying information of Plaintiffs and putative Class Members. Courts routinely consolidate overlapping data breach class actions that are filed in the same court.

4.     Plaintiffs Young and Green move the Court for an order appointing The Miller Law Firm P.C., Milberg, PLLC, and Kopelowitz Ostrow P.A. as Interim Co-Lead Counsel. Plaintiffs Young and Green respectfully submit that the Court's appointment of The Miller Law Firm P.C., Milberg, PLLC, and Kopelowitz Ostrow P.A. as Interim Co-Lead Counsel pursuant to Rule 23(g)(3) would promote the orderly and efficient management of the Related Cases and would ensure that prosecution of the case and any potential settlement is led by counsel that is "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

6.     Plaintiffs Young and Green further respectfully request that the Court set the following schedule (related to the filing of an operative consolidated amended complaint, which will relieve 700 Credit of the duty to respond to the various initial complaints filed in the Related Cases in the interim):

2

- Defendant is not required to respond to the initial complaints in *Young* and *Green*;

- Plaintiffs in the Consolidated Action shall file an operative Consolidated Class Action Complaint within forty-five (45) days of entry of an Order consolidating the Related Cases and appointing Interim Co-Lead Counsel;

- Defendant will answer, move, or otherwise respond to the Consolidated Complaint within forty-five (45) days of its receipt of the Consolidated Complaint;

- If Defendant responds by way of motion, Plaintiffs will have thirty (30) days to oppose Defendant's motion, and Defendant will have twenty-one (21) days to reply;

7.     A Proposed Order—consolidating the Related Cases, appointing The Miller Law Firm P.C., Milberg, PLLC, and Kopelowitz Ostrow P.A., and setting the proposed schedule—is attached as **Exhibit 1**.

8.     Pursuant to E.D. Mich. LR 7.1(a), Plaintiffs Young and Green have begun the process of diligently seeking to effectuate service upon Defendant. Further, Plaintiffs Young and Green have otherwise investigated if Defendant has secured counsel in this matter. To date, no defense counsel has appeared and thus Plaintiffs Young and Green are unable to determine Defendant's position as to consolidation and appointment of Interim Co-Lead Counsel, but will continue their efforts to do so.[1]

---

[1] Plaintiffs Young and Green, as noted in the proof of service, will serve this Motion and accompanying exhibits upon Defendant's registered agent.

3

WHEREFORE, Plaintiffs Young and Green respectfully requests that this Court enter an Order, substantially in the form attached as **Exhibit 1**, and (i) consolidate the Related Cases, (ii) appoint The Miller Law Firm, P.C., Milberg, PLLC, and Kopelowitz Ostrow P.A. as Interim Co-Lead Counsel, and (iii) enter the proposed deadlines to file the operative consolidated amended complaint and stay the deadline for 700 Credit to respond to the individual complaints.

Date: December 3, 2025                    Respectfully submitted,

*/s/ Gregory A. Mitchell*
E. Powell Miller (P39487)
Gregory A. Mitchell (P68723)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com
gam@millerlawpc.com

Gary Klinger
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
(866) 252-0878
gklinger@milberg.com

Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Tel: 954-525-4100
ostrow@kolawyers.com

*Proposed Interim Co-Lead Counsel*

4

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PATRICIA YOUNG, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>700 CREDIT, LLC,<br><br>        Defendant. | Case No. 2:25-cv-13747-LJM-EAS<br><br>Hon. Laurie J. Michelson<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>***MOTION TO CONSOLIDATE AND APPPOINT*** |
| TENNILLE GREEN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>700 CREDIT, LLC,<br><br>        Defendant. | Case No. 2:25-cv-13890-JJCG-CI<br><br>Hon. Jonathan J.C. Grey<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## BRIEF IN SUPPORT OF JOINT MOTION OF PLAINTIFFS YOUNG AND GREEN TO CONSOLIDATE CASES AND APPOINT THE MILLER LAW FIRM, P.C., MILBERG, PLLC, AND KOPELOWITZ OSTROW P.A. <u>AS INTERIM CO-LEAD COUNSEL</u>

## <u>STATEMENT OF ISSUE PRESENTED</u>

1.      Whether this Court should (i) consolidate the Related Cases, (ii) appoint E. Powell Miller of The Miller Law Firm, P.C., Gary Klinger of Milberg, PLLC, and Jeff Ostrow of Kopelowitz Ostrow P.A., as Interim Co-Lead Counsel, where the aforementioned counsel satisfies Rule 23(g), as they have substantial credentials, significant experience, and have demonstrated the ability to work cooperatively and in the best interests of Plaintiffs and the putative Class, and (iii) enter deadlines for Plaintiffs to file the operative consolidated amended complaint and stay the deadline for Defendant 700 Credit to respond to the individual complaints in the Related Cases.

Plaintiffs Young and Green state:  Yes.

## **MOST CONTROLLING AUTHORITY**

- Fed. R. Civ. P. 42(a)(2)

- E.D. Mich. LR 42.1

- Fed. R. Civ. P. 23(g)

## I.    INTRODUCTION

The above-captions actions concern a data security incident (the "Data Breach") involving Defendant 700 Credit, LLC ("700 Credit") computer networks that occurred on or around October 2025.[2] The Plaintiffs allege that they suffered various injuries because of Defendant's failure to safeguard the sensitive personally identifiable information ("PII") entrusted to it.

To date, there have been two (2) consumer class action cases filed relating to 700 Credit's Data Breach: *Patricia Young v. 700 Credit, LLC*, No. 2:25-cv-13747-LJM-EAS, filed November 24, 2025, pending before the Hon. Laurie J. Michelson; and *Tennille Green v. 700 Credit, LLC*, No. 2:25-cv-13890-JJCG-CI, filed December 3, 2025, pending before the Hon. Jonathan J.C. Grey (collectively the "Related Actions").

These cases were filed in this District Court and involve a common question of law or fact, arising from the same Data Breach at Defendant 700 Credit. Given that the Related Actions each arise from the same operative facts surrounding the Data Breach and that counsel for Plaintiffs Young and Green are best-qualified to lead this case, Plaintiffs Young and Green jointly and respectfully ask for this Court to grant the Joint Motion of Plaintiffs Young and Green to Consolidate and Appoint

---

[2] *See, e.g.*, *Young* Complaint and exhibit thereto, No. 2:25-cv-13747-LJM-EAS, PageID.1-63.

Interim Co-Lead Counsel. A proposed order is submitted for the Court's consideration, attached as **Exhibit 1**.

## II.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED.

Rule 42(a) provides that "[i]f actions before the court involve a common issue of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost of delay." Fed. R. Civ. P. 42(a).

E.D. Mich. L.R. 42.1 provides that "[a] party seeking to consolidate cases under Federal Rule of Civil Procedure 42(a) must: (1) file a motion in the case with the earliest case number; and (2) file a notice of the motion in each related case."[3] *Id.* § (a). "The district judge presiding in the earliest numbered case will decide the motion. However, the motion may not be granted unless the judges presiding in the related cases consent." *Id.* § (b). "If the motion is granted, the consolidated cases will be reassigned to the judge presiding in the earliest numbered case." *Id*. § (c).

The Related Actions satisfy the criteria enumerated in Fed. R. Civ. P. 42(a)(2) and E.D. Mich. LR 42.1. The Plaintiffs in each of the Related Actions allege common issues of law or fact in that the Plaintiffs and Class Members' sensitive and Private Information was compromised in the same Data Breach arising from a cyberattack on Defendant's computer network. The types of Private Information

---

[3] A notice of this filing is being contemporaneously-filed in the *Green* action.

exposed in each of the Related Actions involved at least names, dates of birth, Social Security numbers, and addresses.[4]

Furthermore, the Plaintiffs commonly allege it was the same types of cybersecurity failures that created the risk and allowed the Data Breach to occur.[5] In addition, the Related Actions each advance at least the following common theories of liability among various other claims, including the following causes of action: (i) negligence/negligence *per se*, (ii) breach of third party beneficiary contract, (iii) breach of fiduciary duty, (iv) unjust enrichment and (v) declaratory judgment.[6] To the extent the Court permits consolidation, Plaintiffs Young and Green will work together to submit one consolidated complaint on behalf of all of the Plaintiffs and the putative Class.

The Related Actions seek class action treatment and request the same type of remedies and compensation for the individuals impacted by the Data Breach. The remedies sought include compensatory damages related to economic losses alleged to be caused by the cyberattack among other common remedies sought.

Courts in this District and in Western District of Michigan routinely consolidate lawsuits involving the same data breach filed in the same court. *See, e.g.*, *In re Continental Café Holdings, LLC*, No. 2:24-cv-13100, ECF No. 14; *In re Henry*

---

[4] *Id.*, ¶ 4, 2:25-cv-13747-LJM-EAS PageID.2.
[5] *Id., e.g.*, ¶¶ 6, 8, 46-57, No. 2:25-cv-13747-LJM-EAS PageID.3, 12-16.
[6] *Id.*, No. :25-cv-13747-LJM-EAS PageID.1-63.

*Ford Health System Data Security Litig.*, No. 2:23-cv-11736, ECF No. 8; *In re Wright & Filippis, LLC Data Security Breach Litig.*, No. 2:22-cv-12906, ECF No. 9; *In re Doxim, Inc. Data Security Incident Litig.*, No. 2:24-cv-11550, ECF No. 19; *In re Hope College Data Security Breach Litig.*, No. 1:22-cv-01224, ECF No. 11.

Accordingly, pursuant to Fed. R. Civ. P. 42(a)(2) and E.D. Mich. LR 42.1, the Court should consolidate the Related Cases.

## III.    THE COURT SHOULD APPOINT INTERIM CO-LEAD COUNSEL

Rule 23(g)(3) empowers the Court to appoint interim lead counsel "to act on behalf of putative class members before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Furthermore, Rule 23(g) sets forth four factors a court should consider when designating interim counsel: (1) the work which proposed interim lead counsel has already performed in identifying or investigating the potential claims; (2) counsel's experience in handling class actions, other complex litigation, with claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(a)(i)(iv). Where "more than one adequate applicant seeks appointment as class counsel, the court must appoint the applicant best able to represent the interests of the class." *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005) (quoting Fed. R. Civ. P. 23(g)(2)(B)).

As set forth below, Proposed Interim Co-Lead Counsel satisfy each of the

4

factors enumerated by Rule 23(g), and therefore are "best able" to represent Plaintiffs and the putative Class Members in this case. Thus, E. Powell Miller of The Miller Law Firm, P.C., Gary Klinger of Milberg, PLLC, and Jeff Ostrow of Kopelowitz Ostrow P.A. should be appointed Interim Co-Lead Counsel.

### A. Proposed Interim Co-Lead Counsel Satisfy and Exceed the Requirements for Appointment by the Court under Rule 23(g)(3).

Proposed Interim Co-Lead Counsel have successfully litigated numerous class actions involving data breaches and privacy claims on behalf of millions of consumers. Proposed Interim Co-Lead Counsel possess the necessary resources to prosecute this litigation, have the support of Plaintiffs Young and Green are working together collectively, and will continue to work in this fashion to manage this litigation effectively and efficiently. Proposed Interim Co-Lead Counsel have previously worked together to prosecute data breach class actions. *See, e.g.*, *Henry Ford*, *Doxim*, *Continental*, *Vickery v. Family Health Center*, No. 2024-0404 (Kalamazoo Cnty. Cir. Ct.), *In Re: Perry Johnson & Assocs. Medical Transcription Data Security Breach Litig.*, No. 1:24-md-03096 (E.D.N.Y.). Because Proposed Interim Co-Lead Counsel have the case-management and complex-litigation skills, experience, knowledge of the relevant facts and legal issues, and extensive resources needed to efficiently prosecute this action, the Court should grant this Motion.

### B. Proposed Interim Co-Lead Counsel Have Performed Substantial Work Identifying, Investigating, and Litigating the Claims to Date.

One factor Courts consider when appointing lead counsel is the work and resources counsel expend investigating the claims being asserted. *See, e.g.*, *Adedipe v. U.S. Bank, N.A.*, 2014 WL 835174, at *3 (D. Minn. Feb. 4, 2014) (appointing interim class counsel because they "devoted the more substantial effort towards pre-suit investigation and identification of claims"). Here, immediately after public information was revealed about Defendant's Data Breach, Proposed Interim Co-Lead Counsel began investigating potential legal claims and remedies for the victims of the breach. Those investigations included, among other things:

- Investigating the facts surrounding the Data Breach;
- Investigating Defendant's corporate structure;
- Investigating Defendant's clients;
- Interviewing numerous consumers injured by the Data Breach;
- Researching legal claims;
- Drafting initial pleadings; and
- Working to consolidate the Related Actions.

The facts surrounding this Data Breach as Plaintiffs Young and Green understand them—and as they have alleged in their Complaints—amount to a vast amount of sensitive information being exposed and thus the scope of victims affected is vast as well. Accordingly, Proposed Interim Co-Lead Counsel have efficiently moved forward with investigating and prosecuting this Action. Work assignments have been, and will continue to be, allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating duplication.

Proposed Interim Co-Lead Counsel operate as a cohesive, well-organized

group. If appointed, Proposed Interim Co-Lead Counsel will establish a standardized protocol for managing and reporting time and expenses incurred to prosecute the case as efficiently as possible. Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Interim Co-Lead Counsel under Fed. R. Civ. P. 23(g)(3). This appointment will serve the best interests of the class.

### C. Proposed Interim Co-Lead Counsel Possess the Necessary Experience and Skill to Prosecute This Action.

Proposed Interim Co-Lead Counsel's résumés include extensive experience leading complex data-breach and privacy class actions, including most of the major data breach cases in the United States. They will formulate positions on substantive and procedural issues during the litigation. *See* Manual for Complex Litigation § 10.221 ("Typically [lead counsel] act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.").

Courts find that proposed leadership's experience and prior service as lead counsel is particularly persuasive. *See Adedipe*, 2014 WL 835174, at *2 (finding class-action and complex litigation leadership experience relevant for appointment).

Plaintiffs propose that the Court appoint E. Powell Miller of The Miller Law

Firm, P.C., Gary Klinger of Milberg, PLLC, and Jeff Ostrow of Kopelowitz Ostrow P.A., as Interim Co-Lead Counsel. These attorneys have substantial class action and data breach experience and knowledge that will benefit the putative class as this litigation proceeds.

Proposed Interim Co-Lead Counsel have committed substantial, appropriate, time and resources to organizing and working toward the advancement of this litigation, including but not limited to, investigating and researching the potential legal theories and claims at issue and researching and reviewing information relating to the factual underpinnings of the Data Breach and this litigation. They are familiar with the facts and legal issues in this matter and intend to continue their pursuit of viable claims on behalf of Plaintiffs and the Proposed Class.

Proposed Interim Co-Lead Counsel continue to perform substantial work that is valuable to the Class as the case moves forward. This includes, but is not limited to, the following: (a) reviewing communications concerning the Data Breach; (b) engaging in ongoing communications with putative Class members; (c) fielding outreach from impacted employees of Defendant; (d) investigating the scope of the Data Breach's consequences on the Plaintiffs and Class members, as well as Defendant's public response regarding the same; (e) researching potential claims arising from the Data Breach and the potential defenses thereto; and (f) using this research to prepare and file a detailed consolidated class action complaint.

Proposed Interim Co-Lead Counsel have conducted all the work necessary to prosecute this litigation thus far, and they stand ready, willing, and able to continue to devote the substantial effort and resources (including the advancement of costs) necessary for advancing the claims of Plaintiffs and the proposed Class.

**D. Proposed Interim Co-Lead Counsel Are Experienced in Leading and Successfully Resolving Complex Consumer Class Actions, Including Data Breach Class Actions.**

Data breach cases present unique and novel issues of fact and law that are ever evolving. They require an understanding of the technical issues of data hacking, data privacy, and applicable data security best practices and industry standards. Appointing Lead Counsel experienced in such complex class action litigation, including data breach litigation and related issues, is in the best interest of the class.

Each of the firms representing Plaintiffs—The Miller Law Firm, P.C., Milberg, PLLC , and Kopelowitz Ostrow P.A.—have extensive experience leading consumer class action lawsuits against defendants such as 700 Credit, as well as other companies who lose control of their employees and/or customer's data. Thus, as further demonstrated below, proposed Interim Co-Lead Counsel are well suited to lead this case and should be appointed as Interim Co-Lead Counsel pursuant to Fed. R. Civ. P. 42(a)(2) and E.D. Mich. LR 42.1.

**1. E. Powell Miller – The Miller Law Firm, P.C.**

E. Powell Miller, founder and CEO of The Miller Law Firm, P.C. ("Miller

Law") has extensive experience litigating complex class actions throughout the United States and, particularly, in Michigan. Miller Law, the first nationally recognized class action firm in Michigan, is second to none in litigating personal privacy class actions in Michigan's federal and state courts. *See* Miller Law's firm resume, attached hereto as **Exhibit 2**.

Mr. Miller has extensive trial experience, including a 16-0-1 record in cases tried to a bench or jury verdict. Mr. Miller has previously served as Co-Chair of the ABA Sub-Committee for Multi-District Class Action Litigation, Co-President of the Detroit Chapter of the Federal Bar Association Antitrust and Securities Committees, and on the Executive Committee for the Wayne State University Law School Board of Visitors. Also, Mr. Miller founded the E. Powell Miller Program in Class Action Studies at Wayne State University Law School and recently served as an Adjunct Professor for the Law School's inaugural Class Actions and Multidistrict Litigations course. Finally, one of Mr. Miller's proudest accomplishments is receiving the Cook-Friedman Civility Award from the Federal Bar Association

Miller Law has established a national reputation and is ranked Tier 1 in Detroit for Commercial Litigation by U.S. News, Best Lawyers. Miller Law has continuously prosecuted class/mass actions since 1994, recovering more than $10 billion dollars for victims of fraud and abuse, and is proud of obtaining a rare achievement in class action practice: three separate cases of 100% net cash

recovery for class members, plus attorneys' fees, paid by the defendants. In 2024, all 18 Miller Law partners were named Top Lawyers by DBusiness and 22 Miller Law attorneys were named Super Lawyers or Rising Stars by *Super Lawyers* magazine. In 2025, E. Powell Miller was named as a Top 10 attorney, and five other Miller Law partners were named Top 100 attorneys in Michigan—more than any other firm in Michigan. In fact, *Super Lawyers Magazine* recognized Mr. Miller as Michigan's number one ranked attorney in 2020 and 2023, as well as one of Michigan's Top 10 lawyers every year from 2009 to 2025.

Miller Law has served as lead or co-lead counsel in numerous complex class actions.[7] Two examples with exemplary results highlight Miller's Law ability

---

[7] Co-Lead Counsel, *In re AIG 2008 Securities Litig.*, No. 1:08-cv-04772 (S.D.N.Y.), settled in 2015 for $970.5 million, highest securities settlement in US in 2015; Co-Lead Counsel in *Chapman v. General Motors*, No. 2:19-cv-12333, settled for $50 million after Judge Berg certified seven state classes; Co-Lead Class and Lead Trial Counsel in *City of Farmington v. Wells Fargo Bank*, No. 0:10-cv-04372 (D. Minn.), resolved weekend before trial-$62.5 million; Special Trial Counsel in antitrust class action, *Cason-Merendo. v. VHS of Michigan, Inc.*, No. 2:06-cv-15601 (E.D. Mich.) (Rosen, J.) (final judgment entered on Jan. 27, 2016), which resulted in a $42 million recovery after the in limine arguments; Lead Counsel in the first successful national dietary supplement class action, *Gasperoni v. Metabolife Int'l, Inc.*, No. 2:00-cv-71255 (E.D. Mich.) (Cohn, J.) (final judgment entered on March 15, 2001); Co-Lead Counsel in *In re: Refrigerant Compressors Antitrust Litigation*, No. 2:09-md-2042 (MDL) (E.D. Mich.) (Cox, J.), $30 million settlement; Member of the Plaintiffs' Steering Committee and the first in the country to initiate *In re EpiPen* (Epinephrine Injection, USP) *Mktg., Sales Pracs. & Antitrust Litig.*, No. 2:17-md-02785 (D. Kan.) (Oct. 17, 2017), recovered more than $600 million; Interim Liaison Counsel to the end-payor plaintiffs, who have recovered more than $1 billion in settlements to date in the *In re: Auto. Parts Antitrust Litig.*, No. 2:12-md-2311 (MDL) (E.D. Mich.);

to help lead complex litigation. First, *In re Chevrolet Bolt EV Battery Litig.*, No. 2:20-cv-13256 (litigation against General Motors and multiple supplier defendants before Judge Berg in which Miller Law serves as Interim Co-Lead Counsel). Miller Law, along with co-counsel, were recently able to obtain preliminary approval of a $150 million non-reversionary cash settlement for plaintiffs and class members, the largest all-cash settlement for an automotive defect case in this District. Second, Miller Law served as Co-Lead Counsel in *Schreiber v. Mayo Found. for Med. Educ. & Rsch.*, No. 2:22-cv-188 (W.D. Mich.) (Jarbou, J.) (judgment entered on May 29, 2024). This personal privacy case settled for $52.5 million, and it was listed in the top five nationally for Privacy Class Action Settlements in 2024.[8]

Miller Law also represented several of Michigan's largest counties, including Wayne and Oakland, in litigation against opioid manufacturers, distributors, and retailers for conduct related to the nationwide opioid epidemic. Miller Law was the first firm to file suit in Michigan and played a key role in briefing critical motions. *See In re: Nat'l Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio).

---

Co-Lead Counsel in *Wood v. FCA US LLC*, No. 5:20-cv-11054 (E.D. Mich.) (Levy, J.) (judgment entered on December 1, 2022), which reached a settlement valued at more than $108 million prior to motion practice; Co-Lead Counsel in *Persad v. Ford Motor Co.*, No. 2:17-cv-12599 (E.D. Mich.) (Berg, J.) (judgment entered Dec. 30, 2021), settled for $42+ million in benefits; and Co-Lead Counsel in *Reynolds v. FCA US LLC*, No. 2:19-cv-11745 (E.D. Mich.) (Goldsmith, J.) (judgment June 29, 2023), settled for $30+ million in benefits.

[8] *See* https://blogs.duanemorris.com/classactiondefense/2024/07/01/duane-morris-class-action-review-2025-mid-year-class-action-settlement-report-analysis/.

Miller Law, and Mr. Miller specifically, currently serve as appointed class counsel in many other cases that are currently pending, including MDL cases centralized in this District and multi-state automotive defect class actions.[9] And Miller Law currently serves as Co-Lead counsel in numerous class actions presently before this Court: *see Frisch et al v. FCA US, LLC*, No. 2:24-cv-10546, ECF No. 45, PageID.6136 (in a June 5, 2025 order granting an opposed motion for appointment, this Court found Miller Law (and other co-lead counsel) to be "experienced in complex litigation" and class actions and thus were adequate to represent the class); *Beck v. Ford Motor Company*, No. 2:22-cv-12079.

And in a recent order, following competing motions for leadership, Judge White appointed Mr. Miller as lead counsel, ruling:

> [Powell] Miller's reputation in this district is first-rate. As one judge recently stated: "[E]verything Mr. Miller said, I have basically firsthand experience. The guy's in this court all the time. I have appointed him lead counsel in [multidistrict litigation]. My colleagues appoint him lead counsel all the time. He's one of the absolute leading lights of the Michigan bar. He treats everybody great. His work is first class."

---

[9] Interim Co-Lead Counsel in *In re: Gen. Motors Corp. Air Conditioning Mktg. and Sales Pracs. Litig.*, No. 2:18-md-02818 (Leitman, J.); Interim Co-Lead Counsel in *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, No. 2:22-cv-03040 (MDL) (Lawson, J.); Interim Co-Lead Counsel in *Fox v. Cnty. of Saginaw*, No. 1:19-cv-11887 (Ludington, J.); Interim PSC Member in *Speerly v. Gen. Motors, LLC*, No. 2:19-cv-11044 (Lawson, J.); Interim Co-Lead Counsel in *Drugich v. McLaren Health Care Corp.*, No. 2:23-cv-12520 (Leitman, J.); Interim Co-Lead Counsel in *In re Doxim, Inc. Data Security Incident Litig.*, No. 2:24-cv-11550 (Berg, J.).

*In re A-Line Staffing Sols. Data Sec. Incident Litig.*, 2024 WL 4925275, at \*2 (E.D. Mich. Nov. 21, 2024) (White, J.) (citing Tr., *Drugich v. McLaren Health Care Corp.*, No. 2:23-cv-12520 (E.D. Mich. Feb. 27, 2024) (Leitman, J.)).

Other courts agree. Judge Ludington appointed Mr. Miller in a data breach class action and held, "given his familiarity with Michigan practice and his extensive experience litigating class actions in this District[,]" finding that "[h]e has invested significant time in the case, has extensive class-action experience, knows the applicable law, and is resourced to represent the class." *Pratt v. KSE Sportsman Media, Inc.*, 2023 WL 5500832, at \*5 (E.D. Mich. Aug. 25, 2023).

Mr. Miller and Miller Law have prosecuted numerous data-privacy class actions, including: *In re: Wright & Filippis, LLC Data Sec Breach Litig.*, No. 22-cv-12908 (E.D. Mich.) (Cox, J.) (Chair of Settlement Class Counsel, securing non-reversionary class settlement fund of $2.9 million); *Thomsen v. Morley Cos., Inc.*, No. 22-cv-10271 (E.D. Mich.) (LUDINGTON, J.) (class settlement of $4.3 million); *In re: Hope College Sec Breach Litig.*, No. 22-cv-01224 (W.D. Mich.) (non-reversionary class settlement fund of $1.5 million); *In re: Henry Ford Health System Data Sec. Litig.*, No. 23-11736 (E.D. Mich.) (Drain, J.) (class settlement of $700,000); *In re: Lansing Community College Data Breach Litig*, No. 23-00738 (W.D. Mich.) (Maloney, J.) (final approval granted of $1,450,000 class settlement).

Miller Law has also successfully litigated numerous data privacy cases

14

involving Michigan's Preservation of Personal Privacy Act (the "PPPA"). Miller Law was appointed as Co-Lead Counsel and obtained strong class action settlements in numerous of these cases. A small sampling of these strong results: *Schreiber* (class settlement of $52.5 million); *Pratt v. KSE Sportsman Media, Inc.*, No. 1:21-cv-11404 (ED Mich) (Ludington, J.) ($9.5 million). In *Pratt*, Judge Ludington issued a first-of-its-kind published opinion, finding that a six-year statute of limitations applies to PPPA claims. *Pratt v. KSE*, 586 F. Supp. 3d 666, 673-75 (E.D. Mich. 2022). The groundbreaking litigation led by Miller Law paved the way for the success of numerous PPPA data privacy cases. Overall, Mr. Miller spends approximately 1/3 of his time litigating privacy-related cases.

Miller Law has devoted significant resources to representing the interests of Plaintiffs and the Class and will continue to do so. Miller Law operates with zero reliance on debt and has a policy to never utilize third-party litigation finance firms. Miller Law maintains its own e-discovery team which can store millions of pages of documents, eliminating web hosting fees and reducing litigation costs paid from a settlement or verdict. While serving as Co-Lead Counsel in *In re AIG 2008 Securities Litig*, No. 08-cv-4772, which was successfully settled in 2015 for $970.5 million, Miller Law advanced over $2 million in litigation costs and hired 20 additional attorneys for a 1.5 year timeframe without incurring debt. Miller Law is willing and able to commit the resources needed.

### 2.  Gary Klinger of Milberg, PLLC

Mr. Klinger is a Senior Partner at the international plaintiffs' class action firm Milberg, PLLC ("Milberg"). *See* Mr. Klinger's firm resume attached hereto as Exhibit 4. Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[10] Milberg has been instrumental in obtaining precedent-setting decisions at every level, including at the United States Supreme Court.[11] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg has more than 80 attorneys and has offices across the U.S. and the European Union.

As a Partner at Milberg, Mr. Klinger has extensive experience serving as leadership in numerous privacy class actions, including data breaches and other complex class actions. Mr. Klinger is one of the most well-known and respected data privacy attorneys in the United States. He is presently pursuing his Master of Laws (LLM) in Data Privacy and Cybersecurity from the University of Southern

---

[10] *See, e.g.*, *In re Tyco International Ltd., Securities Litig.*, MDL 1335 (DNH) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Insurance Co. Sales Practice Litig.*, No. 95-4704 (DNJ) (serving as lead counsel and recovering more than $4 billion for policyholders); see also https://milberg.com/outstanding-recoveries/.

[11] *See* https://milberg.com/precedent-setting-decisions/page/3/.

California Gould School of Law. As lead or co-lead counsel, he has settled more than forty class actions involving privacy violations, the majority of which are data breaches. He is presently litigating more than one hundred class action cases across the country involving privacy violations. In the last two years alone, Mr. Klinger settled on a class-wide basis, preliminarily or finally, more than 25 privacy class actions, most of which were data breaches where he served as lead or co-lead counsel. Mr. Klinger recently obtained final approval of a class-wide settlement valued at $17.6 million for a major data breach class action involving more than six million consumers. *See Carrera Aguallo v. Kemper Corp.*, No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (where Mr. Klinger served as one of 3 court-appointed co-lead counsel). In addition, Mr. Klinger recently reached a class-wide settlement for $11 million for a major data breach involving more than 4 million consumers. *See Heath v. Insurance Technologies Corp.*, No. 21-cv-01444 (N.D. Tex.).[12] Mr. Klinger presently serves as one of two Court-appointed Lead Counsel in the data breach case *In re Canon USA Data Breach Litig.*, No. 1:20-cv-06239-AMD-SJB (S.D.N.Y. filed

---

[12] The *Heath* Settlement compares quite favorably to other recent proposed settlements in similar data breach class actions reached by counsel for the Minority Plaintiffs' Group. *See, e.g.*, *Kostka v. Dickey's Barbeque Restaurants, Inc.*, No. 20-cv-3424, Dkt. 62 (ND Tex) (where counsel for the Minority Plaintiffs' Group reached a settlement for a data breach involving more than 3 million people for $2.3 million or $.76 per class member); *Fehlen v. Accellion, Inc.*, No. 21-cv-01353 (N.D. Cal.) (where counsel for the Minority Plaintiffs' Group reached a proposed settlement of $8.1 million for 9.2 million class members ($.90 per class member) who had their Social Security Numbers compromised).

17

December 23, 2020). Mr. Klinger was also appointed Co-Lead Counsel in the data breach case of *In re Herff Jones Data Breach Litig.*, No. 1:21-cv-1329-TWP-DLP (SD Ind), which involves approximately one million class members and has settled on a class-wide basis for $4.35 million. Mr. Klinger further serves as co-lead counsel in the consolidated data breach litigation styled *In Re: CaptureRx Data Breach Litig.*, No. 5:21-cv-00523-OLG (W.D. Tex.), which involves more than 2.4 million class members and has settled on a class-wide basis for $4.75 million. Mr. Klinger also serves as appointed co-lead counsel to represent more than 3 million class members in another major data breach class action in the Seventh Circuit. *See In re Arthur J Gallagher Data Breach Litig.*, No. 1:21-cv-04056 (N.D. Ill.).

Simply put, Mr. Klinger and the attorneys at his law firm have substantial experience handling data security and privacy cases like this one, including some of the largest data privacy litigation in the United States. *See, e.g.*, *Baksh v. Ivy Rehab Network, Inc.*, No. 7:20-cv-01845-CS (S.D.N.Y. Jan. 27, 2021) (Class Counsel in a data breach class action settlement involving 125,000 individuals with a settlement value of $12.8 million; Final Approval granted); *Mowery v. Saint Francis Healthcare Sys.*, No. 1:20-cv-00013-SRC (E.D. Mo. Dec. 22, 2020) (appointed Class Counsel; settlement value of over $13 million); *Jackson-Battle v. Navicent Health, Inc.*, No. 2020-CV-072287 (Ga. Super. Ct. Bibb Cnty. filed Apr. 29, 2020) (appointed Class Counsel in a data breach case involving 360,000 patients;

settlement valued at over $72 million); *Chatelain v. C, L & W PLLC*, No. 50742-A (Tex. 42d Dist. Ct. Taylor Cnty. filed Apr. 28, 2020) (appointed Class Counsel; settlement valued at over $7 million).

Mr. Klinger has also successfully litigated privacy class actions through class certification. In *Karpilovsky v. All Web Leads, Inc.*, No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill June 25, 2018), Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members. *Id.* In a recent nationwide privacy class settlement hearing in the U.S. District Court for the Northern District of California, Judge Richard Seeborg personally commended Mr. Klinger for "quite a substantial recovery for class members." *See* **Exhibit 3**. Judge Seeborg further stated he could not recall any class action case where "the amounts going to each class member were as substantial" as that obtained by Mr. Klinger (and his co-counsel). *Id.*

### 3.  Jeffrey M. Ostrow of Kopelowitz Ostrow P.A.

Jeff Ostrow is the Managing Partner of Kopelowitz Ostrow P.A. and has been practicing law for 27 years. Mr. Ostrow established the South Florida-based firm immediately following his graduation from Nova Southeastern University in 1997 and has since grown it to 25 attorneys.

Beyond managing the firm, Mr. Ostrow heads the class action department and maintains a full caseload of nationwide class actions. Although Mr. Ostrow currently

only represents class plaintiffs, he has prior experience defending large companies in class actions, including banks, commercial lenders, and tech companies, which affords him a valuable perspective and advantage in litigation and settlement.

Mr. Ostrow is counsel of record in numerous pending data breach cases. Several notable pending cases in which he is part of the leadership structure include: *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.), affecting eight million individuals, where he is Interim Co-Lead Counsel for Plaintiffs; *Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.), an MDL involving six million individuals, where he is MDL Co-Lead Counsel; *In re HCA Healthcare Data Security Litig.*, No. 3:23-cv-00684 (M.D. Tenn.), affecting eleven million individuals, where he is on the Plaintiffs' Executive Committee; and *Harrell v. WebTPA Employer Services LLC*, No. 3:24-cv-01160 (N.D. Tex.), affecting 2.5 million individuals, where he is Interim Co-Lead Counsel for Plaintiffs.

For about 13 years, Mr. Ostrow's firm served as Coordinating Counsel, Settlement Class Counsel, and Lead Class Counsel in *In re Checking Acct. Overdraft Litig.*, No. 1:09-MD-02036-JLK (S.D. Fla.), a large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks, and is Liaison Counsel in In re Disposable Contact Lens Antitrust Litigation, No. 3:15-md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date. Moreover, Kopelowitz Ostrow P.A. is co-counsel for Broward County and the City of Fort

Lauderdale in *In re: National Prescription Opiate Litig.*, No. 1:17-md-2804 (N.D. Ohio), and for the Broward and Miami-Dade County School Boards in *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.), helping clients recover $100 million and $26 million, respectively.

Federal judges have recognized Mr. Ostrow's commitment to excellence. In *Farrell v. Bank of America, N.A.*, 327 F.R.D. 422, 432 (S.D. Cal. 2018), in which Mr. Ostrow served as lead counsel on behalf of millions of people, U.S. District Judge James Lorenz made the following observation when granting final approval of a settlement that included a $68 million recovery and $1.2 billion in injunctive relief requiring the defendant bank to stop an enormously lucrative practice:

> Class Counsel achieved this result through tenacity and great skill. In all of their written submissions and in their presentation at the Final Approval Hearing, Class Counsel's arguments were laudably clear and precise, no small feat given the complexity of the legal questions at issue here. It is clear that substantial preparation went into all of Class Counsel's work on this case.

Similarly, when approving a $13 million settlement in which Mr. Ostrow was one of the lead counsel, U.S. District Judge James Lawrence King commented that "Class Counsel's efforts in pursing and settling these consumer claims were, quite simply, outstanding." *In re Checking Account Overdraft Litig.*, 1:09-md-02036, 2013 WL 11319244, *16 (S.D. Fla. Aug. 2, 2013). In another recent case in which Mr. Ostrow was lead counsel, United States District Judge Jose Martinez noted, "Here, Class Counsel worked extensively and with a high level of skill to advance

Plaintiff's claims . . . The case involved difficult factual and legal issues from a global pandemic. . . . Despite the strong defenses presented by Barry [University], Class Counsel obtained an excellent result for the Settlement Class Members." *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813 (S.D. Fla.), ECF No. 84 at 14.

Mr. Ostrow has worked productively with Proposed Interim Co-Lead Class Counsel in other cases. He is confident that this proposed leadership structure will result in an excellent recovery for all clients and class members. The Kopelowitz Ostrow firm resume is attached hereto as **Exhibit 4**.

### E. Proposed Interim Co-Lead Counsel Are Committed to Representing and Advancing the Interests of the Class.

Proposed Interim Co-Lead Counsel are willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted by the Plaintiffs in the Related Cases. Proposed Interim Co-Lead Counsel are committed to working cooperatively and efficiently on behalf of the Plaintiffs and the Proposed Class. They understand the time and resources necessary to pursue this action to a successful resolution. Their firms have already made significant investments of time into the prosecution of these claims and possess the additional resources needed to prosecute this case to a successful resolution and will do so.

## IV.    CONCLUSION

Plaintiffs Young and Green respectfully request that the Court grant their Joint Motion and enter an order consolidating the Related Actions, recaptioning the matter

*In re 700 Credit Data Breach Litigation*, and appointing E. Powell Miller of The Miller Law Firm, P.C., Gary Klinger of Milberg, PLLC, and Jeff Ostrow of Kopelowitz Ostrow P.A., as Interim Co-Lead Counsel.

Date: December 3, 2025                Respectfully submitted,

*/s/ Gregory A. Mitchell*
E. Powell Miller (P39487)
Gregory A. Mitchell (P68723)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com
gam@millerlawpc.com

Gary Klinger
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
(866) 252-0878
gklinger@milberg.com

Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Tel: 954-525-4100
ostrow@kolawyers.com

*Proposed Interim Co-Lead Counsel*

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on December 3, 2025, I served the foregoing Motion to Consolidate Action and Appoint Interim Leadership with exhibits and this Court's brief certification form by filing the same using the Court's electronic filing system, which will provide notice to all Parties in this Action. Further, a copy has been mailed to Defendant's registered agent at:

    CSC-Lawyers Incorporating Service Company
    3410 Belle Chase Way, Ste 600
    Lansing, Michigan, 48911


                                       /s/*Gregory A. Mitchell*
                                       Gregory A. Mitchell