UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re: In re 700 Credit Data Security Litigation | Case No. 25-cv-13747<br>Honorable Robert J. White |

**FINAL JUDGMENT AND ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

WHEREAS, Plaintiffs have submitted to the Court their Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 52) and their Unopposed Motion for Attorneys' Fees, Costs, and Service Awards (ECF No. 53);

WHEREAS, on June 4, 2026, the Court entered its Preliminary Approval Order, which, *inter alia*: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action and certified the Settlement Class; (3) appointed Plaintiffs Patricia Young, Jeffrey Couron, Richard Blocker, James Bittinger, Ronnell Cousar, Richard Foxwell, Michelle Sands, Keir Milan, Michael Miller, and Elton Neal as Class

Representatives; (4) appointed Jeff Ostrow of Kopelowitz Ostrow P.A., Gary Klinger of Milberg PLLC, and E. Powell Miller of The Miller Law Firm, P.C. as Class Counsel; (5) appointed Epiq Class Action & Claims Solutions, Inc. as the Settlement Administrator; (6) approved the form and manner of Notice and the Notice Program; (7) approved the Claim Process and Claim Form; and (8) set the Final Approval Hearing date;

WHEREAS, thereafter, Notice was provided to the Settlement Class in accordance with the Court's Preliminary Approval Order by Email Notice or Postcard Notice and the Long Form Notice was available to Settlement Class Members on the Settlement Website or on request to the Settlement Administrator;

WHEREAS, a notice of settlement was timely mailed to governmental entities as provided for under 28 U.S.C. § 1715;

WHEREAS, on October 7, 2026, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider the Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised:

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

2. This Final Approval Order incorporates, by reference as if fully set forth herein, the definitions from Section II of the Settlement Agreement and Releases (attached as Exhibit A to the Motion for Final Approval).

3. The Notice provided to the Settlement Class was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules. The Claim Process is also fair, and the Claim Form is easily understandable.

4. The Settlement is in all respects fair, reasonable, and adequate, after considering all of the Federal Rule of Civil Procedure 23(e)(2) factors and the Sixth Circuit's traditional factors in *Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. ("UAW") v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007), highlighted by evidence that: (a) there was no fraud or collusion in negotiating the Settlement with the assistance of a qualified mediator; (b) the complexity, expense, and likely duration of the litigation; (c) the stage of the

proceedings and amount of discovery completed; (d) the risks of establishing liability, damages, and maintaining the class action through trial; (e) the reaction of the Settlement Class to the Settlement; (f) Class Counsel's and the Class Representatives' supporting opinions about the Settlement; and (g) the public interest in approving the Settlement. The Settlement was made based on a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions.

5. In finding the Settlement fair, reasonable, and adequate, the Court has also considered the opinion of competent counsel, as well as the indication of an overwhelming positive reaction from the Settlement Class given the total number of Claims made, that there were 3 timely objection(s) to the Settlement filed and 66 opt-outs submitted. A list of the individuals who have opted-out of the Settlement is attached hereto as *Exhibit A*. The individuals set forth in *Exhibit A* will not be bound by the Agreement and Releases contained therein.

6. Settlement Class Members had the opportunity to enter an appearance in the Action, individually or through own counsel. Settlement Class Members also had the opportunity to object to the Settlement and the attorneys' fees and costs award and to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate for the Settlement Class, why a final judgment should not be entered thereon, why the

Settlement should not be approved, or why the attorneys' fees and costs award should not be granted, as set forth in the Court's Preliminary Approval Order. There were three timely objections filed (ECF Nos. 54-3, 54-4, 54-5). The Court has considered the foregoing objections to the Settlement, and one untimely objection, and concludes such objections are without merit and overruled.[1]

7. Based on the information presented to the Court, the Claim Process has proceeded consistent with the Agreement and the Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

8. The allocation and distribution plan for Settlement Class Member Benefits proposed by the Parties in the Agreement is fair, reasonable, and adequate.

9. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

10. Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs

---

[1] The Court addressed every objection in detail at the Final Approval Hearing conducted on October 7, 2026, and incorporates by reference the findings stated on the record.

implementation of all terms and provisions of the Settlement.

11. All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Order.

12. The appointment of Plaintiffs Patricia Young, Jeffrey Couron, Richard Blocker, James Bittinger, Ronnell Cousar, Richard Foxwell, Michelle Sands, Keir Milan, Michael Miller, and Elton Neal as Class Representatives is affirmed.

13. The appointment of Jeff Ostrow of Kopelowitz Ostrow P.A., Gary Klinger of Milberg, PLLC, and E. Powell Miller of The Miller Law Firm, P.C. as Class Counsel is affirmed.

14. The Court appointment of Epiq Class Action & Claims Solutions, Inc. as the Settlement Administrator is affirmed.

15. The Court affirms its findings that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for only the purposes of the Settlement in that: (1) the number of members of the Settlement Class is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the members of the Settlement Class; (3) the claims of the Plaintiffs are typical of the claims of the members of the Settlement Class; (4) the Plaintiffs are adequate representatives for the Settlement Class, and have retained experienced and adequate Class Counsel; (5) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual

members of the Settlement Class; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

16. Therefore, the Court finally certifies the following Settlement Class:

> All living individuals residing in the United States who were sent a notice of the Data Incident indicating their Private Information may have been impacted in the Data Incident.

Excluded from the Settlement Class are: (1) all persons who are directors, officers, and agents of Defendant, or their respective subsidiaries and affiliated companies; (2) governmental entities; (3) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (4) all Settlement Class Members who properly and timely opted-out of the Settlement.

17. Judgment shall be, and hereby is, entered dismissing the Action with prejudice.

18. As of the Effective Date, and in exchange for the relief described in the Settlement, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims.

19. In consideration for the Settlement Agreement and the consideration set forth therein, the Releasing Parties hereby release the Released Parties from the Released Claims.

20. If, consistent with the plan of distribution set forth in the Settlement, there are funds remaining in the Settlement Fund 20 days following the 180-day check negotiation period, any remaining funds shall be distributed to the Judson Center, Inc., which the Court approves as the *cy pres* recipient.

21. Pursuant to Federal Rule of Civil Procedure 23(h), settlement Class Counsel is awarded an amount of one-third of the non-reversionary Settlement Fund, or $5,833,333 plus reimbursement of reasonable litigation Costs, in the amount of $107,710.27 (*see Exhibit B* hereto, for Counsel Declaration). These payments shall be made out of the Settlement Fund in accordance with the Agreement. Class Counsel have sole responsibility, within Class Counsel's discretion, to allocate and distribute attorneys' fees among Plaintiffs' counsel. The Court evaluated Class Counsel's request applying the percentage of the common fund method and concludes that amount is within the range of reason, using the factors described in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974), finding evidence of the (1) the strong value of the benefit of the non-reversionary Settlement Fund to the class; (2) society's stake in rewarding attorneys who produce the settlement's benefits, to maintain an incentive to others; (3) that the work was performed on a contingent fee basis; (4) the complexity of this data privacy litigation; (5) the skill and standing of counsel on both sides; and (6) the value of the legal services performed in achieving meaningful benefits for the Class, including options for cash

payments and the automatic receipt of credit monitoring.

22. The Class Representatives are awarded Service Awards in the amount of $3,000.00 each. The Service Awards shall be payable out of the Settlement Fund in accordance with the Agreement.

23. Plaintiffs and all Settlement Class members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

24. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions to the Settlement Class Members; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

25. If the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Final Approval Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, *nunc pro tunc*.

26. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Federal Rules of Civil Procedure 58.

SO ORDERED.

Dated: October 9, 2026

s/Robert J. White
Robert J. White
United States District Judge

# Exhibit A

**Opt-Out List**

## Opt-Out List

1. Donald Foust
2. William White
3. Tom Byung Park
4. William Miller
5. Trina Walker
6. Joseph Fairfield
7. Michael Maass
8. Termwit Sornsuwan
9. Diane Hemmingsen
10. Jesus Ramirez
11. Eva Oakes
12. Vishwanath Singh
13. Heeradevi Singh
14. Marshall Evans
15. Ryan Karen
16. Diana Martone
17. Lucia Jerome
18. Patricia Baier
19. Kimberly Allen
20. Curtis Banks
21. Jordan Scott
22. Thiri Sanda
23. Eric Murphy
24. Jennifer Martin
25. Jayne Kang
26. In Kim
27. Trina Pugmire
28. Jordan Pugmire
29. Charlene Warbeck
30. Riley Holsclaw
31. Monika Mocnar
32. Cynthia Shimek
33. Brenda Saldana
34. William Franklin
35. Stephanie Matthews
36. Eric Wirthlin
37. Tsutomu Oishi
38. George Trunek

39. Joanne Mekal
40. Randall Howard
41. Joy Qualls
42. Donna Ross
43. Carl Mayfield
44. Michael Vukson
45. Amber Black
46. Michelle Murphy
47. Scott Austin
48. Emily Little
49. Phillip Elijah
50. Julie Milstead
51. Sarahi Hernandez
52. William Race
53. Febbie Race
54. Mark Snyder
55. Aiken Edwards
56. Lauran Davis
57. David Garrett
58. Thomas Wilmeth

59. Jeffrey Holsclaw
60. Patricia Casse
61. Zakeer Haneefa
62. Yevhenii Demyd
63. Zachary Schmutz
64. Dian Payne
65. Alexzandria Benton
66. Steve Sutherland

# Exhibit B

**Supplemental Declaration**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re 700 Credit Data Security Litigation | Case No. 2:25-cv-13747-RJW-EAS<br><br>Hon. Robert J. White |

**SUPPLEMENTAL DECLARATION OF GREGORY A. MITCHELL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

I, Gregory A. Mitchell, pursuant to 28 U.S.C. § 1746 hereby declare as follows:

1. I am an attorney at The Miller Law Firm, P.C., located in Rochester and Detroit, Michigan; The Miller Law Firm, P.C. is a Co-Lead of the Settlement Class Counsel in this Action. I am a member in good standing of the Michigan Bar and a member of the bar of this Court. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. I make this declaration in support of Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Awards.

3. The total amount of litigation costs, as described in ¶ 108 of the Settlement Agreement, incurred by counsel representing the Class is $107,710.27.

4. The reasonable litigation costs and expenses incurred by counsel representing the Class in this Action includes those incurred in the filing and

prosecution of the following cases (which were ultimately consolidated into the present case): *Young v. 700 Credit, LLC*, No. 2:25-cv-13747; *Green v. 700 Credit, LLC*, No. 2:25-cv-13890; *Schneider v. 700 Credit, LLC*, No. 2:25-cv-13963; *Neal v. 700 Credit, LLC*, No. 2:25-cv-14071; *Eck v. 700 Credit, LLC*, No. 2:25-cv-14077; *Decker v. 700 Credit, LLC*, No. 7:25-cv-13747; *Denmark v. 700 Credit, LLC*, No. 1:25-cv-01935; *Karpinski v. 700 Credit, LLC*, No. 2:25-cv-14100; *Devaney v. 700 Credit, LLC*, No. 2:25-cv-14116; *Pierce v. 700 Credit, LLC*, No. 2:25-cv-14120; *Mattison-Rennells v. 700 Credit, LLC*, No. 2:25-cv-14129; *Redmond v. 700 Credit, LLC*, No. 2:25-cv-14167; *McCloud v. 700 Credit, LLC*, No. 2:25-cv-14170; *Conway v. 700 Credit, LLC*, No. 4:25-cv-00994; *Johnson v. 700 Credit, LLC*, No. 2:25-cv-14192; *Dalia v. 700 Credit, LLC*, No. 2:25-cv-14199; *Dunagan v. 700 Credit, LLC*, No. 2:25-cv-14211; *Foxwell v. 700 Credit, LLC*, No. 2:26-cv-10031; *Cousar v. 700 Credit, LLC*, No. 2:26-cv-10068; *Peterson v. 700 Credit, LLC*, No. 2:26-cv-10085; and *Steele v. 700 Credit, LLC*, No. 2:26-cv-10248.

5. The table below represents a breakdown of the total litigation costs incurred in bringing the foregoing cases and ultimately the consolidated Action:

| **COST/EXPENSE CATEGORY** | **AMOUNT INCURRED** |
|---|---|
| Filing and Service of Process Fees | $13,480 |
| Printing/Mailing/Copying/Research | $11,225 |
| Experts | $54,550 |
| Mediation | $22,965.32 |
| Travel | $5,489.95 |
| **TOTAL:** | $107,710.27 |

6. The aforementioned attorney costs and expenses are reflected in the records of the firms who filed the above referenced cases ultimately consolidated here and were necessary to prosecute this Action.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of October 2026, in Rochester, Michigan.

*/s/ Gregory A. Mitchell*
Gregory A. Mitchell